1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11 | Maria F. Ruvalcaba; S.I.D.L. a minor; )
D.A.D.L., a minor, through their Next )
12 | Friend, Maria F. Ruvalcaba, who is )
the grandmother of the minors; and )
13 | Estate of Maria del Carmen )
Ruvalcaba. )
14 |          Plaintiff, )
)
15 |     vs. )
)
16 | CITY OF LOS ANGELES a )
municipality, CHIEF CHARLIE )
17 | BECK, and DOES 1 - 10, inclusive, )
)
18 |        Defendants )
_____)
19

**CASE NO.: CV12-06683 DDP (MANx)**

**PROTECTIVE ORDER GOVERNING OFFICER INVOLVED SHOOTING INVESTIGATION**

20    ***PROTECTIVE ORDER FORCE INVESTIGATION DIVISION REPORTS***

21        After the Plaintiffs MARIA RUVALCABA, (hereinafter referred to as

22 "Plaintiffs"), by and through their attorneys of record, Dale Galipo, Esq. and Melanie

23 Partow, Esq. of Law Offices of Dale K. Galipo and Defendants CITY OF LOS

24 ANGELES, a local public entity (hereinafter referred to as "Defendants"), by and through

25 their attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Supervising

26 Assistant City Attorney, and Christian R. Bojorquez conferred regarding the Production

27 of the Shooting Investigation in the above-entitled case, **IT IS HEREBY ORDERED**,

28 **pursuant to the stipulation of the parties**, that the following Protective Order and its

terms shall govern documents and things in this matter:

For purposes of this Protective Order, Confidential Materials include, but are not limited to:

1.      Force Investigation Division Investigation Report; and

2.      Any and all documents, interviews, Officer Statements, and/or writings created during the Shooting Investigation, which include, but are not limited to, the following:

A.      Force Investigation Division Report - No. F-067-11

●      Interviews;

●      Officer Statements, whether written or recorded;

●      Legend w/diagram;

●      Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;

●      Investigative Narrative; and

●      All addenda

## I.      TERMS OF THE PROTECTIVE ORDER

1.      The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order," or words of similar effect.  The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Protective Order.  The "Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2.      Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation .

1    3.    Subject to the further conditions imposed by this Protective Order,

2    Confidential Information may be disclosed only to the following persons:

3         a.    Counsel for the parties and to experts, investigators, paralegal assistants,

4    office clerks, secretaries, and other such personnel working under their supervision;

5         b.    Such other parties as may be agreed by written stipulation among the parties

6    hereto, or by Court Order.

7         4.    Prior to the disclosure of any Confidential Information to any person

8    described in paragraph 3(a), or 3(b), counsel for the party that has received and seeks to

9    use or disclose such Confidential Information shall first provide any such person with a

10   copy of this Protective Order, and shall cause him or her to execute the following

11   acknowledgment:

12        "I understand that I am being given access to Confidential Information

13        pursuant to the foregoing protective order.  I have read the Protective Order

14        and agree to be bound by its terms with respect to the handling, use and

15        disclosure of such Confidential Information.

16        Dated: _____/s/ _____"

17   Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment

18   upon Defendants.

19        5.    Upon the final termination of this federal litigation, including any appeal

20   pertaining thereto, including, but not limited to, any event wherein the case is ever

21   remanded to State Court, all Force Investigation Division (FID) Report(s), materials, as

22   well as any other Court Ordered Documents provided pursuant to this Protective Order,

23   and all copies thereof shall be returned to the Offices of the Los Angeles City Attorney's

24   Office, 6th Floor, City Hall East, Los Angeles, California 90012 for

25   destruction/shredding.  All Confidential documentation provided to any person or party,

26   pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

27        6.    If any party who receives Confidential Information receives a subpoena

28   and/or public record request seeking Confidential Information, he, she, or it shall

immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  However, in no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.  **Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court**.

7.     Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information, it shall be the party seeking to use such information burden to first request the sealing of such documents pursuant to Local Rule 79-5.1.

8.     Counsel for the parties have agreed to request that in the event any motions, applications, or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury.  Counsel for the parties have further agreed that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to make a special request to the Court that access to the courtroom be limited to parties, their counsel, and other designated representative, experts, or consultants who agreed to be bound by this Protective Order, and court personnel.

9.     Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds, including, but not limited to, relevance and privilege.

10.     This Protective Order survives settlement, trial, and/or appeal.

1    *IT IS SO ORDERED.*

2

3    Dated:  January 2, 2014

4    _____

5    **MARGARET A. NAGLE**

6    **UNITED STATES MAGISTRATE JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28