**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MARIA F. RUVALCABA; S.I.D.L.; D.A.D.L.; ESTATE OF MARIA DEL CARMEN RUVALCABA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES; CHIEF CHARLIE BECK; ANTHONY BONNER; EUNICE SOTO; FERNANDO ORTEGA; BRAXTON SHAW; DOES 5–10, inclusive,<br><br>　　　　　Defendants. | Case № 2:12-cv-06683-ODW(MANx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NO. 1 [41]** |

　　　The Court indicated at the pretrial conference that it intended to grant Plaintiffs' Motion in Limine No. 1 to exclude certain items of evidence that were unknown to Defendants at the time of the incident. (ECF No. 41.) Plaintiffs rebriefed the issues. (ECF No. 88.) Having reviewed the supplemental briefing and Defendants' original opposition, the Court hews to its original decision to **GRANT** the Motion.

　　　Plaintiffs seek to exclude various pieces of evidence that Defendant Fernando Ortega, the officer who shot decedent Maria del Carmen Ruvalcaba, including the

decedent's criminal history, 911 call, alleged attack by the decedent on Los Angeles County Fire personnel, decedent's breaking of a window, decedent's toxicology results, and family criminal history. They argue that this information is legally irrelevant since Officer Ortega testified that he did not know about it before shooting the decedent.

But Defendants oppose the Motion, asserting that the information in question is necessary to support Officer Ortega's version of events, such as the decedent's demeanor and conduct before the shooting. They posit that since the information tends to support their position that the decedent was belligerent with the officers prior to being shot, hearing this evidence would lend support to Officer Ortega's testimony. They also cite several Ninth Circuit and district court opinions, which they contend support their position regarding this corroborating evidence.

The Court agrees with Plaintiffs that this information is irrelevant. While Federal Rule of Evidence 401 generally provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," the fact must be "of consequence in determining the action." Fed. R. Evid. 401(a), (b). The relevant legal issue is whether it was constitutionally reasonable for Officer Ortega to use deadly force against the decedent—that is, whether the decedent threatened the officers with a weapon and "pose[d] an immediate threat to the safety of the officers or others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). In determining the reasonableness of an officer's conduct, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

As Plaintiffs have noted, Ninth Circuit case law appears to be inconsistent on whether information not known to an officer is admissible to support the officer's version of the events. In *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009), the court considered whether it was proper to admit evidence unknown to

an officer at the time the officer shot the decedent. The court concluded that in "a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Id.* at 944. In coming to this holding, the court cited to a footnote in *Graham*, in which the Supreme Court stated in relevant part, "Of course, in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen." 490 U.S. at 399 n.12. But the Ninth Circuit construed this passage as "indicating that a factfinder may consider outside evidence 'in assessing the credibility of an officer's account of the circumstances that prompted the use of force.'" *Boyd*, 576 F.3d at 944.

But in later cases, the Ninth Circuit retreated from this broad interpretation of the *Graham* footnote. *See, e.g.*, *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013) ("[W]e can only consider the circumstances of which [the officers] were aware when they employed deadly force. . . . Accordingly, when analyzing the objective reasonableness of the officers' conduct under *Graham,* we cannot consider the fact that [the decedent] was intoxicated or that he had previously used a knife in harming himself."); *Glenn v. Wash. Cnty.*, 673 F.3d 864, 873 n.8 (9th Cir. 2011) ("We cannot consider evidence of which the officers were unaware—the prohibition against evaluating officers' actions 'with the 20/20 vision of hindsight' cuts both ways." (citing *Graham*)). It is therefore apparent that the Ninth Circuit has clarified its position on unknown, preshooting knowledge, holding that it is inadmissible to establish the reasonableness of an officer's conduct.

Officer Ortega testified at his deposition that he had not heard the 911 call prior to confronting the decedent and was not told about the alleged attack on Los Angeles County Fire personnel. In fact, he did not know of "any information of any specific act of violence" by the decedent prior to interacting with her. Moreover, he could not possibly have known about her toxicology results before she died. Thus, under *Hayes*

and *Glenn*—the latest word from the Ninth Circuit—the Court must exclude this information as irrelevant to the reasonableness of Officer Ortega's conduct.

The Court similarly finds that Plaintiff Maria F. Ruvalcaba's immigration status is irrelevant, as it does not bear upon any legal issue involved in the case or her credibility. Additionally, any potential witnesses' criminal history over 10 years old and unrelated to crimes involving moral turpitude is also irrelevant and inadmissible per Federal Rule of Evidence 609 unless Defendants can demonstrate that its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" when a witness with such a conviction testifies. *See* Fed. R. Evid. 609(b)(1).

The Court accordingly **GRANTS** Plaintiffs' Motion in Limine No. 1 in its entirety. (ECF No. 41.)

**IT IS SO ORDERED.**

September 8, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**